# United States District Court
## Eastern District of North Carolina - Eastern Division

UNITED STATES OF AMERICA
v.
**TAUHEEDAH RICHARDSON**

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 4:02CR00060-007

**R. CLARKE SPEAKS**
Defendant's Attorney

**Date of Original Judgment:** 02/02/2004
(or Date of Last Amended Judgment) 1st Amended: 6/23/05
**Reason for Amendment:** 2nd Amended: 8/14/07

- [X] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255, [ ] 18 U.S.C. § 3559(c)(7), or [ ] Modification of Restitution Order

**THE DEFENDANT:**
- [ ] pleaded guilty to count(s) _____
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [X] was found guilty on count(s) 1 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess With Intent to Distribute More Than 50 Grams of Cocaine Base and Marijuana | 10/15/2002 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant

- [ ] The defendant has been found not guilty on count(s) _____
- [ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: *
Defendant's Date of Birth: *
Defendant's USM No.: 23259-056
Defendant's Residence Address:
* _____ NC

Defendant's Mailing Address:
* _____ NC

08/14/2007
Date of Imposition of Judgment

*signature*
Signature of Judicial Officer

**MALCOLM J. HOWARD**
Senior, U.S. District Judge
Name & Title of Judicial Officer

8-14-2007
Date

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 2 - Imprisonment    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page  2  of  7

DEFENDANT: TAUHEEDAH RICHARDSON
CASE NUMBER: 4:02CR00060-007

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of * __210__ month(s) .

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ a.m./p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 3 - Supervised Release   (NOTE: Identify Changes with Asterisks (*))

Judgment-Page 3 of 7

DEFENDANT: TAUHEEDAH RICHARDSON
CASE NUMBER: 4:02CR00060-007

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TAUHEEDAH RICHARDSON
CASE NUMBER: 4:02CR00060-007

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.


*(The defendant shall forfeit to the United States the defendant's interest in the property specified in the Final Order of Forfeiture entered on December 15, 2003.)

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 5, Part A - Criminal Monetary Penalties  (NOTE: Identify Changes with Asterisks (*))

Judgment-Page 5 of 7

DEFENDANT: TAUHEEDAH RICHARDSON
CASE NUMBER: 4:02CR00060-007

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $ 100.00 * | $ 5,000.00 | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of   $_____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [X] The interest requirement is waived.

   [ ] The interest requirement is modified as follows:

## RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ _____ | $ _____ | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 5, Part B - Criminal Monetary Penalties    (NOTE: Identify Changes with Asterisks (*))

Judgment-Page 6 of 7

DEFENDANT: TAUHEEDAH RICHARDSON
CASE NUMBER: 4:02CR00060-007

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [X] See special instructions below

B [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence ____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence ____ day(s) after the date of this judgment.

The defendant will be creadited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

The special assessment shall be due in full immediately.

The fine shall be due in full immediately and shall not bear interest.

[ ] The defendant shall pay the cost of prosecution.

[X] The defendant shall forfeit the defendant's interest in the following property to the United States: The Final Order of Forfeiture entered on December 15, 2003.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, U.S. District Court, Attn: Financial Unit, Post Office Box 25670, Raleigh, NC 27611, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case: Sheet 7 - Denial of Federal Benefits       (NOTE: Identify Changes with Asterisks (*))

Judgment-Page 7 of 7

DEFENDANT: TAUHEEDAH RICHARDSON
CASE NUMBER: 4:02CR00060-007

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

IT IS ORDERED that the defendant shall be:

- [x] ineligible for all federal benefits for a period of  5  year(s).
- [ ] ineligible for the following federal benefits for a period of _____  _____.
  (specify benefit(s))

## OR

- [ ] Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall be:

- [ ] ineligible for all federal benefits for a period of _____..
- [ ] ineligible for the following federal benefits for a period of _____  _____.
  (specify benefit(s))

- [ ] successfully complete a drug testing and treatment program.

- [ ] perform community service, as specified in the probation and supervised release portion of this judgment.

- [ ] Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531