UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA



UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Case No. 4:02-CR-00060-7H

Tauheedah Richardson,

    Defendant.

## MOTION TO REDUCE DEFENDANT'S SENTENCE

NOW COMES the Defendant, Tauheedah Richardson, proceeding *pro se* in this pleading, who hereby respectfully motions the court to reduce her sentence as provided by 18 U.S.C. §3582(c)(2), consistent with 28 U.S.C. §994(u) criteria (specifically, §1B1.10 of the United States Sentencing Guidelines (U.S.S.G.)).

On June 30, 2011 the United States Sentencing Commission (U.S.S.C.) voted unanimously to make the guidelines changes, pursuant to Amendment 750[1] parts A and C, retroactively applicable. This motion is filed for consideration on or after the date this amendment takes effect: November 1, 2011. This motion will show that the Defendant meets the eligibility requirements for sentence reduction under this amendment and details the projected sentence reduction under such application.

---

1 Entered initially as a temporary, emergency amendment to the federal sentencing guidelines consistent with the statutory changes to crack cocaine and other drug trafficking offenses made by the Fair Sentencing Act of 2010, Pub. L. No. 111-220.

I. Case History

Defendant Tauheedah Richardson was convicted by jury trial of one count of "Conspiracy to Distribute and Possess With Intent to Distribute More than 50 Grams of Cocaine Base and Marijuana" in violation of 21 U.S.C. §846. Defendant was then sentenced to 324 months.

On March 18, 2005, Defendant's sentence, along with those of her co-defendants, was vacated and remanded for re-sentencing[2], United States v. Richardson, No. 03-4843, 2005 WL 859351 (4th Cir. Apr. 15, 2005) (unpublished). She was then re-sentenced on two separate occasions.

Defendant's first re-sentencing occurred on June 23, 2005 with with a sentence of 180 months. (CR 333)[3]. That sentence was appealed by the Government, which resulted in another vacated and remanded sentence. United States v. Richardson, No. 05-4817, 2007 WL 1413075, *1 (4th Cir. May 11, 2007) (unpublished).

Defendant's second re-sentencing occurred on August 14, 2007 with a sentence of 210 months. (CR 431)."The court sentenced Richardson to 210 months imprisonment, the low end of the reconfigured Guidelines' range of imprisonment." United States v. Richardson, No. 07-4847 (4th Cir. October 1, 2008) (unpublished). On final appeal of this sentence, defendant's counsel filed an *Anders* brief[4], recusing himself based on lack of meritorious grounds for appeal. Id. at 3. When neither Richardson nor the government filed supporting motions on such appeal, the 4th Circuit dismissed. Id. at 5.

Finally, Defendant applied for, and was granted, a two-point sentencing guideline reduction after court consideration and as made available by a lowered guideline sentencing range which was retroactively applied by the U.S.S.C. pursuant to 28 U.S.C. §994(u). The sentence was then reduced to

---

2   Sentences were vacated and remanded under United States v. Booker, 125 S. Ct. 738, with plain error review from United States v. Hughes, No. 06-4172, 2005 (4th Cir. Mar. 16, 2005), showing that sentencing included two enhancements for drug quantity and supplying a firearm to the conspiracy which were facts found by the court and not by jury conviction,
3   "CR" followed by a number references the docket entry number in the district court clerk's record.
4   Per Anders v. California, 386 U.S. 738 (1967

168 months on July 16, 2009 (CR 503).

II. Eligibility Requirements

The court may reduce the Defendant's sentence per the amended guidelines:

- If the Defendant is a federal inmate, currently incarcerated for an applicable conviction, and is sentenced under an effected statute[5] using the drug quantity table (§2D1.1(c))[6]

- In accordance with amendment 750 parts A and C[7]: using the amended guideline range that would have been applicable to the defendant if amendment 750 had been in effect at the time the defendant was sentenced[8], to not less than the minimum amended guidelines range[9] unless a below-guidelines sentence was given pursuant to a government motion for substantial assistance to authorities[10], and to not less than the term of imprisonment already served[11].

Defendant is a currently incarcerated, federal inmate sentenced to 168 months of incarceration for violating 21 U.S.C. §846. She was sentenced using the drug quantity table in U.S.S.G. §2D1.1(c) without cross-reference, Career Criminal status, or mandatory minimum invocation. The amended guidelines range falls below her current sentence. Therefore, the Defendant is eligible for a reduced sentence pursuant to the retroactive application of U.S.S.G. Amendment 750.

---

5 Applicable statutes are 21 U.S.C. §841 et Seq., 21 U.S.C. §960 et Seq.
6 Naturally precluded are defendants sentenced under other sections: i.e. mandatory minimum sentences, cross references per §2D1.1(d), or enhancements per 28 U.S.C. §851(a)(1)
7 U.S.S.G. §1B1.10(c)
8 U.S.S.G. §1B1.10(b)(1)
9 U.S.S.G. §1B1.10(b)(2)(A) citing Dillon v. United States, 130 S. Ct. 2683 (2010) where the Supreme Court concluded that proceedings under section 3582(c)(2) are not governed by United States v. Booker, 543 U.S. 220 (2005), and that §1B1.10 remains binding on courts in such proceedings.
10 U.S.S.G. §1B1.10(b)(2)(B)
11 U.S.S.G. §1B1.10(b)(2)(C)

III. Requested Relief and Justification

Defendant was sentenced on final remand to 210 month's imprisonment based on a recalculation of guidelines range, lowering her from Offense Level 40 to 37, and her Criminal History Category from II to I. United States v. Richardson, No. 07-4847 (October 1, 2008) (unpublished). This sentence adhered to the low end of the 210-262 range as applied by the U.S.S.G. Sentencing Table. Id. at 3.

Upon Defendant's application for a reduction in sentence based on a guideline sentencing range that had subsequently been lowered by the Sentencing Commission, this court granted a reduction of two points from the Previous Offense Level. (CR 503). Reducing the Offense Level from 37 to 35, and remaining in Criminal History Category I, the Amended Guidelines Range then became 168-210. Defendant was sentenced to 168 months, once again at to the low end of this range.

Analysis of the Drug Quantity Table in U.S.S.G. §2D1.1(c) that will become applicable to this case on November 1, 2011, conservatively shows a decrease in 6 levels from the original Base Offense Level[12]. A six-level decrease from Defendant's last assessed Offense Level of 35 results in a new Offense Level of 29. In Criminal History Category I, this results in an amended sentence range of 87 – 108 months.

This range is not, however, practical in this case. The floor for consideration lies on the mandatory minimum originally applicable for this quantity of Cocaine Base, which was 120 months, a reduction of 48 months. Further, the Defendant has a currently-projected release date of January 20, 2015 which occurs 38 months, 19 days after the activation of the reduced guidelines. Therefore, a 48-month reduction would contravene the §1B1.10(b)(2)(C) prohibition against reducing sentences further than time already served.

---

12 Original offense level was assessed at 32 based on jury findings, and 38 based on court findings. The prospective retroactive application of the U.S.S.G. §2D1.1(c) Drug Quantity Table shows 50g now falls under the §2D1.1(c)(7) range of "At lease 28 G but less than 112 G of Cocaine Base." and gives a base offense level of 26. The conservative base offense level reduction becomes 6 (26 subtracted from 32).

For the reasons above, the Defendant is eligible for the requested sentence reduction and does hereby request this court to reduce the current 168-month sentence imposed to 130 months or, alternatively, to order immediate release from the custody of the Bureau of Prisons, and into the supervision of the United States Probation Office.

Respectfully Submitted,


_Tauheedah Richardson_
Tauheedah Richardson
Pro Se Movant

_August 24, 2011_
Date

# CERTIFICATE OF SERVICE
## FOR PRO SE DOCUMENTS

I, Tauheedah Richardson, do hereby certify that I have served a true and correct copy of the following document:

**MOTION TO REDUCE DEFENDANT'S SENTENCE**

upon the court and the applicable Assistant United States Attorney:

**W. Ellis Boyle**
**Assistant United States Attorney**
**Rm. 800, 310 New Bern Ave.**
**Raleigh, NC 27601**

**Clerk of The United States Court**
**U.S. Courthouse**
**201 South Evans St., Rm 209**
**Greenville, NC 27858**

by placing it in a sealed, postage prepaid envelope by United States Postal Mail on the 24th day of August, 2011.

*Tauheedah Richardson*
Tauheedah Richardson
Pro Se Movant